**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-23663-ALTMAN/Lett**

BRILL MARITIME, INC. d/b/a
EXPORT YACHT SALES,
on behalf of itself and all others similarly situated,

        Plaintiff,

v.

BOATS GROUP, LLC,

        Defendant.

_____/

### DEFENDANT BOATS GROUP, LLC'S REVISED[1] MOTION TO FILE UNDER SEAL ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Boats Group, LLC ("Boats Group"), pursuant to Rule 5.4 of the Local Rules of the Southern District of Florida ("Local Rule 5.4") and the Court's Protective Order to Govern the Disclosure of Confidential Material (ECF No. 42) (the "Protective Order"), respectfully moves the Court for entry of an order authorizing Boats Group to file under seal certain portions of its Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion to Dismiss"), and states as follows:

1.      Following the Court's dismissal of the original Complaint (ECF No. 84), Plaintiff filed its First Amended Complaint (ECF No. 85), which quoted documents that Boats Group had designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to the parties' Protective Order. Plaintiff thereafter moved for leave to file an unredacted version of the First Amended Complaint under seal (ECF No. 86). This Court granted that motion (ECF No. 87),

---

[1] This revised Motion is identical to the version filed at ECF No. 93, with the exception that the title and certificate of conferral have been updated. ECF No. 93 is withdrawn and substituted with the instant filing.

and Boats Group filed a Statement in Response establishing why the referenced materials warranted protection from public disclosure (ECF No. 91).

2.      Boats Group now seeks dismissal of the First Amended Complaint. In doing so, its Motion to Dismiss necessarily discusses and, in certain instances, quotes many of the same confidential documents that Plaintiff relied upon in the First Amended Complaint and that the parties have already briefed before this Court. Because Boats Group is the Designating Party for those materials, it bears the burden under the Protective Order and Local Rule 5.4 of demonstrating that continued sealing is warranted.

3.      The documents at issue were produced by Boats Group in discovery and designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to Paragraphs 2.3 and 6.2 of the Protective Order. The Protective Order further provides that, absent the Designating Party's written consent or a court order, protected material may not be filed in the public record. *See* Protective Order ¶ 14.2. The Protective Order likewise recognizes that a confidentiality designation alone does not establish that a document may be sealed and expressly requires compliance with Local Rule 5.4. *See id.* ¶ 14.3. Accordingly, Boats Group files this Motion to satisfy its burden under Local Rule 5.4.

4.       As required by Local Rule 5.4(b)(1), Boats Group has not filed the unredacted Motion to Dismiss or the confidential exhibits identified below. Instead, Boats Group is contemporaneously filing a redacted version of its Motion to Dismiss on the public docket that omits only the confidential information described in this Motion. Should the Court grant this Motion, Boats Group will promptly file the unredacted Motion to Dismiss and the accompanying exhibits under seal using the appropriate CM/ECF sealed filing events.

## I.   LEGAL STANDARD

Local Rule 5.4(a) provides that, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." That presumption of public access "may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007). In striking that balance, courts consider, among other things, "whether allowing access would … harm legitimate privacy interests" and "the degree of and likelihood of injury if made public." *Id.* Local Rule 5.4(b)(1) requires the moving party to "set[] forth the factual and legal basis for departing from the policy that Court filings are public" and to "describe[] the information or documents to be sealed … with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material," and to "specify the proposed duration of the requested sealing."

## II.   THE MATERIAL BOATS GROUP SEEKS TO SEAL

Boats Group seeks leave to file under seal an unredacted version of its Motion to Dismiss and supporting memorandum, which include limited quotations from documents designated **"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"** (collectively, the "Designated Documents"), the confidentiality of which Boats Group previously addressed in detail in its Statement in Response to Plaintiff's Motion to File Under Seal Unredacted Version of the First Amended Complaint (ECF No. 91). The publicly filed version of the Motion to Dismiss will redact each quotation from the Designated Documents. Because the Motion relies on only discrete excerpts of those materials, Boats Group does not intend to publicly disclose the documents themselves. However, the confidential nature of the quoted excerpts is best understood in the context of the Designated Documents as a whole, each of which contains proprietary,

3

commercially sensitive, and/or non-public business information. Accordingly, solely to enable the Court to evaluate the confidential excerpts referenced in the Motion to Dismiss, Boats Group also seeks leave to file the complete, unredacted Designated Documents under seal:

a. Bates Nos. BG0000036797–036981 (Interview summaries and transcripts of Dealers, Brokers, Competitors, and OEMs)

b. Bates Nos. BG0000219879–219883 (Major Market Changes Internal Memorandum)

c. Bates Nos. BG0000033682–033780 (July 9, 2024 internal email forwarding a 2016 "Project Neptune" Confidential Information Memorandum)

d. Bates Nos. BG0000608763–608778 (YachtCloser – Acquisition Opportunity Overview November 2016)

e. Bates Nos. BG0000205725–205784 (Boats Group: Project Trust: Diligence September 2021)

Consistent with Local Rule 5.4(b)(1)'s instruction not to reveal the content of the proposed sealed material in the motion itself, Boats Group describes each document only at the level of category and subject matter necessary for the Court to evaluate good cause:

a. BG0000036797–036981. A compilation of primary-research interview summaries and transcripts with numerous named, non-party industry participants — including boat dealers, yacht brokers, direct competitors (including former personnel of Boats Group's competitor YATCO), and manufacturer contacts. Each interview summary identifies the interviewee by name, title, and company, along with candid, non-public business details (e.g., specific pricing, margin, and marketing-spend figures) that these third parties — none of whom are parties to this litigation — have expected to remain confidential when speaking with the interviewer. Disclosure would expose sensitive competitive information belonging to both Boats Group and numerous non-parties.

b. BG0000219879–219883. The document contains a detailed SWOT analysis of Boat Trader identifying specific internal weaknesses and vulnerabilities to named competitors, along with non-public revenue, customer-count, and market-share data for named rivals, a discussion of internal strategic initiatives and product launches with associated revenue and customer impact figures, and forward-looking two-to-three-year competitive scenario projections for named competitors. Although dated, the

document's granular competitor financial benchmarking and candid assessment of Boat Trader's own weaknesses and threats remain commercially sensitive because they reveal the methodology, sourcing, and analytical approach Boats Group's predecessor used to evaluate competitors. Disclosure would provide competitors with an internal roadmap of Boats Group's perceived vulnerabilities and strategic priorities.

c. BG0000033682–033780. This memorandum contains comprehensive non-public business information across executive summary, market opportunity, platform overview ("Branded Media," "Business Intelligence," "Technology Workflow," and "Marketing Solutions"), "Growth Strategy," operational and separation considerations, and detailed financial projections. Because this CIM was distributed only within a controlled, confidentiality-restricted sale process and concerns a business now operated as part of Boats Group, as well as Boats Group's strategic considerations when evaluating acquisitions, public disclosure would reveal sensitive historical financial and strategic information and cause competitive harm notwithstanding the passage of time since the 2016 process.

d. BG0000608763–608778. The document is an acquisition opportunity presentation analyzing Dominion Marine Media's potential acquisition of YachtCloser, a SaaS provider of eDocumentation, financing, and closing solutions to yacht brokers, including detailed investment thesis and risk analysis, competitive positioning, non-public financial data and revenue by product line. Documents of this kind, prepared by a private equity sponsor for internal deal evaluation, reflect sensitive acquisition strategy, target-company financial performance, valuation methodology, and competitive intelligence.

e. BG0000205725–205784. A September 2021 internal Boats Group discussion document prepared by or for Boats Group in connection with its evaluation of a potential acquisition of Trident Funding, a marine/RV lending company. The document contains non-public competitive intelligence identifying and profiling named rival lenders, proprietary consumer-survey and expert-interview research, Trident's detailed historical and projected financials (gross loan volume, revenue, and EBITDA by year), multiple forward-looking financial scenarios (base, downturn, and worst-case models through 2026), synergy assumptions, and granular valuation and returns analysis (purchase price sensitivities, IRR/MoM, sources and uses of a contemplated transaction). Disclosure would reveal Boats Group's proprietary acquisition analyses, valuation methodology, and strategic decision-making process.

## III.   GOOD CAUSE SUPPORTS SEALING

Disclosure of the Designated Documents would cause Boats Group competitive harm. Each reflects non-public competitive intelligence, financial performance data, valuation methodology, or M&A deal terms that Boats Group has never made public and that competitors, investors, and counterparties could use to Boats Group's disadvantage — for example, by revealing

5

how Boats Group values acquisition targets, where it assesses its own competitive vulnerabilities market by market, or the internal financial metrics underlying its board-level strategic planning. This is precisely the type of "legitimate privacy interest[]" and risk of "competitive harm" that satisfies the good-cause standard. *Romero,* 480 F.3d at 1246.

Sealing only the Designated Documents — and the discrete portions of the Motion to Dismiss quoting or describing them — is narrowly tailored and will not impair the Court's ability to resolve the Motion to Dismiss or the public's ability to follow this litigation. The publicly filed, redacted Motion to Dismiss will disclose Boats Group's full legal argument and the substance of its position; only the specific competitively sensitive figures, valuation methodologies, and competitor-by-competitor data will be redacted from the public version and reserved for the sealed, unredacted filing. *See In re Zantac (Ranitidine) Prods. Liab. Litig.,* No. 20-md-2924, 2022 WL 17482258, at *1 n.1 (S.D. Fla. Dec. 6, 2022).

Boats Group requests that the Designated Documents, and the portions of the unredacted Motion to Dismiss quoting or describing them, remain under seal for a period of five years from the date filed on the docket.

### LOCAL RULE 7.1(a)(3) CERTIFICATION

Undersigned counsel certifies that on July 20-21, 2026, counsel conferred with counsel for Plaintiff by email in a good-faith effort to resolve the issues raised in this Motion. Plaintiff's counsel advised that Plaintiff's position is as follows: "Plaintiff does not oppose Boats Group's request to file the Motion to Dismiss under seal on a provisional basis, until such time that the Court can consider whether the subject materials warrant sealing for a longer term, but opposes Boats Group's request that the Motion to Dismiss remain under seal for the duration of the litigation."

WHEREFORE, Boats Group, LLC respectfully requests that the Court enter an order (i) granting this Motion, (ii) authorizing Boats Group to file the unredacted Motion to Dismiss and the Designated Documents under seal, and (iii) specifying that they shall remain sealed for the duration set forth above. A proposed order is attached as Exhibit 1.

Dated: July 21, 2026

Respectfully submitted,

By: */s/ Sean A. Burstyn*
Sean A. Burstyn, Esq.
Florida Bar No. 1028778
**Burstyn Law PLLC**
1101 Brickell Avenue,
Suite S-700
Miami, FL 33131
Tel: (305) 204-9808
Email: sean.burstyn@burstynlaw.com
docketing@burstynlaw.com

Lawrence E. Buterman – PHV
**Latham & Watkins LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1264
Email: lawrence.buterman@lw.com

Anna M. Rathbun – PHV
Christopher J. Brown – PHV
Graham B. Haviland – PHV
**Latham & Watkins LLP**
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Email: anna.rathbun@lw.com
Email: chris.brown@lw.com
Email: graham.haviland@lw.com

*Counsel for Defendant*
*Boats Group, LLC*

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 21, 2026, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using CM/ECF, causing a true and correct copy to be served on all counsel of record.

By: */s/ Sean A. Burstyn*
Sean A. Burstyn, Esq.

8